E-FILED
Wednesday, 19 June, 2013  12:31:45 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 10-CR-20042 |
| v. ) | |
| ) | |
| DUANE L. O'MALLEY, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPINION**

This case is before the court on the Motion for New Trial Under Provisions of Rule 33 (#172), the Motion to Stay Proceedings on Rule 33 Motion for a New Trial (#180), and the Motion to Stay Proceedings filed as Notice of Invoking Sixth Amendment Right to Counsel and Renewed Request to Stay Proceedings on Rule 33 Motion (#187), all filed by Defendant Duane O'Malley (2) *pro se*. This court has reviewed Defendant's filings and the Government's Response (#182). Following this careful review, Defendant's Motions to Stay (#180, #187) are DENIED and Defendant is advised that his Rule 33 motion will be treated as a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence unless he withdraws his motion.

**Background**

On June 9, 2010, Defendants Michael Pinski, Duane O'Malley, and James Mikrut were charged by indictment for: (1) failing to notify the United States Environmental Protection Agency and the Illinois Environmental Protection Agency at least ten working days prior to the

removal of regulated asbestos-containing material as required by 40 C.F.R. § 61.145(b); (2) knowingly allowing asbestos to be stripped, removed and otherwise handled and disturbed when there was not at least one on-site representative present who was trained in the provisions of the Environmental Protection Agency asbestos regulations and the means of complying with them, as required by 40 C.F.R. § 61.145(c)(8); (3) knowingly failing to adequately wet regulated asbestos-containing material while it was being stripped from a facility component as required by 40 C.F.R. § 61.145(c)(3); (4) knowingly failing to mark vehicles used to transport asbestos-containing waste material during the loading and unloading of waste with the proper signage as required by 40 C.F.R. §§ 61.149(d)(1) and 61.150(c); and (5) knowingly failing to deposit all asbestos-containing waste material as soon as is practical at a waste disposal site operated in accordance with Environmental Protection Agency regulations at 40 C.F.R. § 61.154. (#1, Counts 1-5). In addition, Defendants Mikrut and Pinski were charged with making false statements regarding the insulation or asbestos removal. (#1, Counts 6-7).

On August 19, 2011, Defendant Pinski entered into a plea agreement with the Government. (#39). On August 24, 2011, Defendant Mikrut entered into a plea agreement with the Government. (#46). A jury trial was held with the last remaining defendant, Defendant O'Malley, between September 21, 2011 and September 26, 2011, with the jury reaching a verdict of guilty on Counts 1-5. (#67). On September 27, 2011, Defendant O'Malley filed his first *pro se* Motion for New Trial pursuant to Fed. R. Crim. P. 33. (#71). On November 7, 2011, this court denied that motion. (#75).

On February 10, 2012, this court allowed Defendant O'Malley until March 8, 2012, to file his objections to the Presentence Investigation Report. On March 8, 2012, Defendant O'Malley filed his Objection. (#90). On June 13, 2012, Defendant O'Malley filed his

supplemental objections to the Presentence Investigation Report. (#109). The final revised Presentence Investigation Report for Defendant O'Malley was filed on July 25, 2012. (#118). The final Sentencing Recommendation for Defendant O'Malley was filed on July 30, 2012. (#119). Judgment was entered as to Defendant O'Malley on July 31, 2012. (#120). On the same day, Defendant O'Malley filed a Notice of Appeal. (#123). That appeal is still pending in the Seventh Circuit, 12-2771. On January 14, 2013, a Presentence Investigation Report (#163) and a Sentencing Recommendation (#164) for Defendant Pinski was filed.

On February 19, 2013, Defendant O'Malley filed the present *pro se* Motion for New Trial pursuant to Fed. R. Crim. P. 33, which is his second one. (#172). On February 22, 2013, this court directed the Government to file a Response. On March 18, 2013, Defendant O'Malley filed a *pro se* Motion to Stay Proceedings on his Rule 33 Motion to allow him time to retain counsel. (#180). On March 25, 2013, the Government filed its Response (#182) to Defendant O'Malley's Motion for New Trial (#172). On April 3, 2013, Defendant O'Malley filed a supplemental addendum to his Motion for New Trial. (#183). On April 8, 2013, Defendant O'Malley filed second (#185) and third (#186) supplemental addendums to his Motion for New Trial (#172). On April 10, 2013, Defendant O'Malley filed a Renewed Request to Stay Proceedings. (#187). On April 12, 2013, Defendant O'Malley filed a Reply to the Government's Response. (#188). On April 15, 2013, Defendant O'Malley filed a fourth addendum in support of his Motion for New Trial. (#190). On May 3, 2013, Attorney Robert Thomas Ruth filed his appearance on behalf of Defendant O'Malley. (#192).

## Analysis[1]

### I. Rule 33 Motion for New Trial

The Government requests that this court recharacterize Defendant's Motion as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Defendant's original Motion (#172) raises three grounds. He asserts that the Government engaged in prosecutorial misconduct when it (1) engaged in "bribery" when it precluded co-defendant Pinski from liability of the $47,000 restitution; (2) failed to disclose, in violation of its *Brady/Giglio* duties, that Pinski would later cooperate in subsequent unrelated investigations and trials; and (3) allegedly colluded with his appellate counsel, a former United States Attorney.

"[A] Rule 33 motion is designed to rectify factual injustice, not to correct legal error." *United States v. Evans*, 224 F.3d 670, 674 (7th Cir. 2000). "Rule 33 deals with contentions that evidence discovered after trial shows that the accused is innocent." *United States v. Rollins*, 607 F.3d 500, 504 (7th Cir. 2010). "[A] Rule 33 motion based upon 'newly discovered evidence' is limited to where the newly discovered evidence relates to the elements of the crime charged." *United States v. Hanoum*, 33 F.3d 1128, 1130 (9th Cir. 1994). "A *bona fide* motion for a new trial on the basis of newly discovered evidence falls outside § 2255 [] because it does not contend that the conviction or sentence violates the Constitution or any statute." *United States v. Evans*, 224 F.3d 670, 673-74 (7th Cir. 2000). "The recantation of an important witness fits this description; new DNA analysis or other scientific evidence also would come within Rule 33." *Rollins*, 607 F.3d at 504. For example, the newly-discovered evidence in *Reyes* was affidavits from other individuals tending to show that the defendant-movant had been set up or framed by his co-defendants. *United States v. Reyes*, 542 F.3d 588, 595 (7th Cir. 2008). In *Ruth*, the newly-

---

[1] **Because all the present motions are relative only to Defendant O'Malley, the remainder of this opinion refers to him as "Defendant".**

discovered evidence showed that a company that the Government had argued at trial was a front for the defendant was in fact independent and unaffiliated with him. *Ruth v. United States*, 266 F.3d 658, 660 (7th Cir. 2001).

However, "[a] defendant whose argument is not that newly discovered evidence supports a claim of innocence, but instead that he has new evidence of a constitutional violation or other ground of collateral attack, is making a motion under § 2255 (or § 2254) no matter what caption he puts on the document." *Evans*, 224 F.3d at 674. For example, in *Evans*, the defendant-movant claimed to have evidence of a *Brady* problem, not evidence demonstrating his innocence. *Id*. In *Rollins*, the defendant-movant asserted, among other things, that the prosecutor withheld some information during discovery. *Rollins*, 607 F.3d at 504.

Here, none of Defendant's arguments relate to evidence of his innocence, *per se*. Instead, they are a collateral attack on his due process right to a fair trial. This is not to say that assertions of prosecutorial misconduct and *Brady/Giglio* violations cannot be raised in a Rule 33 motion, but rather, it appears that Seventh Circuit precedent requires that that the suppressed evidence pertain to actual evidence with the potential to prove the movant's innocence, e.*g.*, *United States v. Gillaum*, 372 F.3d 848, 853 (7th Cir. 2004) (rule 33 motion regarding an alleged Brady violation of failing to disclose an allegedly exculpatory BATF report regarding the theft of the firearm in question); whereas assertions of *Brady/Giglio* violations of due process are properly raised either on direct appeal, *e.g.*, *United States v. Banks*, 405 F.3d 559, 563 (7th Cir. 2005) or in a § 2255 collateral attack, *e.g.*, *United States v. Smith*, 393 F.3d 717, 717 (7th Cir. 2004).

"When a prisoner who has yet to file a motion under § 2255 invokes Rule 33 but presents issues substantively within § 2255 [], the district judge should alert the movant that this can preclude any later collateral proceedings and ask whether the prisoner wishes to withdraw the

discovered evidence showed that a company that the Government had argued at trial was a front for the defendant was in fact independent and unaffiliated with him. *Ruth v. United States*, 266 F.3d 658, 660 (7th Cir. 2001).

However, "[a] defendant whose argument is not that newly discovered evidence supports a claim of innocence, but instead that he has new evidence of a constitutional violation or other ground of collateral attack, is making a motion under § 2255 (or § 2254) no matter what caption he puts on the document." *Evans*, 224 F.3d at 674. For example, in *Evans*, the defendant-movant claimed to have evidence of a *Brady* problem, not evidence demonstrating his innocence. *Id*. In *Rollins*, the defendant-movant asserted, among other things, that the prosecutor withheld some information during discovery. *Rollins*, 607 F.3d at 504.

Here, none of Defendant's arguments relate to evidence of his innocence, *per se*. Instead, they are a collateral attack on his due process right to a fair trial. This is not to say that assertions of prosecutorial misconduct and *Brady/Giglio* violations cannot be raised in a Rule 33 motion, but rather, it appears that Seventh Circuit precedent requires that that the suppressed evidence pertain to actual evidence with the potential to prove the movant's innocence, e.*g.*, *United States v. Gillaum*, 372 F.3d 848, 853 (7th Cir. 2004) (rule 33 motion regarding an alleged Brady violation of failing to disclose an allegedly exculpatory BATF report regarding the theft of the firearm in question); whereas assertions of *Brady/Giglio* violations of due process are properly raised either on direct appeal, *e.g.*, *United States v. Banks*, 405 F.3d 559, 563 (7th Cir. 2005) or in a § 2255 collateral attack, *e.g.*, *United States v. Smith*, 393 F.3d 717, 717 (7th Cir. 2004).

"When a prisoner who has yet to file a motion under § 2255 invokes Rule 33 but presents issues substantively within § 2255 [], the district judge should alert the movant that this can preclude any later collateral proceedings and ask whether the prisoner wishes to withdraw the

discovered evidence showed that a company that the Government had argued at trial was a front for the defendant was in fact independent and unaffiliated with him. *Ruth v. United States*, 266 F.3d 658, 660 (7th Cir. 2001).

However, "[a] defendant whose argument is not that newly discovered evidence supports a claim of innocence, but instead that he has new evidence of a constitutional violation or other ground of collateral attack, is making a motion under § 2255 (or § 2254) no matter what caption he puts on the document." *Evans*, 224 F.3d at 674. For example, in *Evans*, the defendant-movant claimed to have evidence of a *Brady* problem, not evidence demonstrating his innocence. *Id*. In *Rollins*, the defendant-movant asserted, among other things, that the prosecutor withheld some information during discovery. *Rollins*, 607 F.3d at 504.

Here, none of Defendant's arguments relate to evidence of his innocence, *per se*. Instead, they are a collateral attack on his due process right to a fair trial. This is not to say that assertions of prosecutorial misconduct and *Brady/Giglio* violations cannot be raised in a Rule 33 motion, but rather, it appears that Seventh Circuit precedent requires that that the suppressed evidence pertain to actual evidence with the potential to prove the movant's innocence, e.*g.*, *United States v. Gillaum*, 372 F.3d 848, 853 (7th Cir. 2004) (rule 33 motion regarding an alleged Brady violation of failing to disclose an allegedly exculpatory BATF report regarding the theft of the firearm in question); whereas assertions of *Brady/Giglio* violations of due process are properly raised either on direct appeal, *e.g.*, *United States v. Banks*, 405 F.3d 559, 563 (7th Cir. 2005) or in a § 2255 collateral attack, *e.g.*, *United States v. Smith*, 393 F.3d 717, 717 (7th Cir. 2004).

"When a prisoner who has yet to file a motion under § 2255 invokes Rule 33 but presents issues substantively within § 2255 [], the district judge should alert the movant that this can preclude any later collateral proceedings and ask whether the prisoner wishes to withdraw the

claim (or add any other arguments for collateral relief)." *Evans*, 224 F.3d at 675. "Uncounselled defendants who think that they are filing some other kind of motion should not lose the opportunity to file one § 2255 motion containing all of their contentions, so the judge must warn them when a paper bearing a different caption counts as one under § 2255." *Rollins*, 607 F.3d at 504. In his Reply, Defendant argues that this court should not recharacterize his motion as a § 2255 because the cases in *Evans* and *Rollins* had both reached a final decision after appeal, while his is still pending appeal. That is a distinction without a difference. The § 2255 statute does not require that such a motion be filed only after an appeal is decided, and defendant has not cited, and this court cannot find, any judge-made law requiring as much. Defendant appears to be relying on this language from *Evans*: "any motion *filed after the expiration of the time for direct appeal*, and invoking grounds mentioned in § 2255 [], is a collateral attack." *Evans*, 224 F.3d at 673 (emphasis added). But all this says is that if a *successive* motion is filed after an appeal and looks like a § 2255, it is treated as a collateral attack screened pursuant to § 2255(h).

This court concludes that Petitioner is seeking relief that he can only obtain through 28 U.S.C. § 2255. Therefore, Petitioner's Motion can only properly be construed as a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. A postconviction motion that is functionally a motion under § 2255 should be treated as such, even if labeled differently. Accordingly, pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), this court advises Petitioner of this court's intent to characterize the Motion as one under § 2255 and warns Petitioner that this characterization will subject this Motion, and any subsequent § 2255 motion, to the restrictions applicable to second or successive § 2255 motions. This court further advises Petitioner that he has the opportunity to withdraw the Motion, if he does not want it to be

considered a Motion under § 2255, or to amend it to include every § 2255 claim that he believes that he has. *Nolan v. United States*, 358 F.3d 480, 482 (7th Cir.2004).

Additionally, Defendant's original Motion (#172) raises three grounds. After the Government filed its Response, Defendant filed four separate self-styled Addenda alleging additional grounds for a new trial. (#183, #185, #186, #190). In the interest of judicial economy, if Defendant does not amend his Motion, all arguments in Defendant's untimely Addenda will be disregarded. It would not be fair to require the Government to respond to each of Defendant's haphazard filings, and without such a response, this court is not sufficiently advised to rule fairly. Defendant is free to re-file those arguments in his amended § 2255 or in a successive Rule 33 motion, with the hopes that Defendant's newly-retained counsel will aid in corralling and focusing those arguments into a single, cohesive, motion.

**II. Motions to Stay Proceedings**

In his two Motions (#180, #187), Defendant seeks a stay of his Rule 33 Motion to gain the time to retain counsel. He argues that *Kitchen v. U.S.*, 227 F.3d 1014 (7th Cir. 2000) holds that a defendant's right to counsel attaches when criminal proceedings against him are initiated, and continues until his appeal is decided. Thus, this court should stay any proceedings on his Rule 33 motion because Defendant has invoked his right to counsel. This court makes no ruling on whether Defendant has correctly applied *Kitchen* to the facts of this case. Defendant cites no precedent for the proposition that a demand for counsel can *retroactively* affect a previously filed *pro se* motion. By analogy, it would make no sense for a person in custody who fails to invoke his right to counsel during interrogation and initiates a voluntary confession to expect

that an after-the-fact invocation of his right to counsel would afford him the *post hoc* privilege of the exclusionary rule. *See, e.g., Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981).

That being said, Defendant has three years from the date of the verdict, which was entered on September 26, 2011, in order to file a Rule 33 motion grounded in newly-discovered evidence. If Defendant had indeed wanted to have the assistance of counsel during the litigation of this present motion, he should have retained counsel before filing it. However, there is no bar on second or successive Rule 33 motions for new trial, unlike the restriction on repeated § 2255 motions. Further, counsel appeared for Defendant on May 3, 2013. Due to today's warning, Defendant may either withdraw and re-file, or amend his § 2255 with the assistance of counsel. If Defendant has true newly-discovered evidence, he may file a second Rule 33, again, with the assistance of counsel. Accordingly, Defendant's Motions to Stay (#180, #187) are DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion will be construed by this court as a Motion pursuant to 28 U.S.C. § 2255. Petitioner is allowed twenty-one (21) days from the date of this Opinion to withdraw his Motion if he does not want to proceed under 28 U.S.C. § 2255 or to amend his Motion to include every § 2255 claim that he believes that he has.

(2) If Petitioner does not withdraw his Motion by the deadline in (1), the Government is allowed 30 days from that date to file its Response.

ENTERED this 19th day of June, 2013

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE